**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

KRISSTAL N. ARTICE,                )
                                                    )
                         Plaintiff,            )
                                                    )
            v.                                     )            No. 4:20 CV 1759 MTS
                                                    )
EPWORTH CHILDREN AND FAMILY  )
SERVICES and LITTLE VILLAGE     )
CHILD DEVELOPMENT CENTER,  )
                                                    )
                         Defendants.        )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Krisstal N. Artice for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will direct the Clerk to issue process upon the complaint as to the defendants, and will deny plaintiff's motion for the appointment of counsel, without prejudice.

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff prepared the complaint using this Court's form Employment Discrimination Complaint. She named Epworth Children and Family Services (also "Epworth") and Little Village Child Development Center (also "Little Village") as the defendants. She alleges as follows.

Plaintiff began working for Epworth in 2017. A supervisor began propositioning her for sex, and she complained to a manager. The supervisor began taking adverse action against plaintiff, and she continued to complain. Epworth fired the supervisor and plaintiff. In July of 2017, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC arranged for mediation between plaintiff and Epworth, and plaintiff received a monetary settlement. The settlement contract included a non-disclosure provision.

In September of 2018, plaintiff began working for Little Village, which was owned by one Mario Edwards. Edwards's former wife, Adrienne, was a supervisor at Epworth. Adrienne visited Little Village one day, and saw plaintiff working there. She sent Edwards a text message in which she disparaged plaintiff, told Edwards about the Epworth incident, and said plaintiff should be fired. Edwards showed the text to plaintiff, and plaintiff admitted she filed a claim against Epworth, mediated the claim, and received a settlement. Little Village then fired plaintiff. Plaintiff seeks monetary relief in the amount of $80,000.

Plaintiff avers she filed a charge of discrimination against the defendants with the Missouri Commission on Human Rights and with the EEOC, and she avers she raised the same claims at the administrative level. Attached to the complaint are copies of Dismissal and Notice of Rights forms from the EEOC pertaining to each of the named defendants. Both letters are dated September 16, 2020, and plaintiff filed the complaint on December 10, 2020.

## Discussion

Plaintiff can be understood to claim Epworth retaliated against her by telling Little Village about her administrative claim against it, and Little Village terminated her in retaliation for filing such claim. Title VII of the Civil Rights Act of 1964 ("Title VII") and the Missouri Human Rights Act ("MHRA") protect employees from, *inter alia*, retaliation for pursuing their

rights under the statutes. The term "employees," as used in Title VII's antiretaliation provision, includes former employees, *Robinson v. Shell Oil Co.,* 519 U.S. 337 (1997), and Title VII's antiretaliation provision is not limited to an employer's employment-related or workplace actions. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 61-64 (2006). Additionally, there need not be an employer-employee relationship in existence for a plaintiff to prevail on a retaliation claim premised upon the MHRA. *See Keeney v. Hereford Concrete Prods.*, 911 S.W.2d 622, 625 (Mo. 1995)).

Having liberally construed the complaint and presumed the veracity of plaintiff's factual assertions, the Court concludes that, for purposes of initial review, plaintiff has adequately stated a claim against the defendants. The Court will therefore require the defendants to respond to the complaint. However, the Court will deny plaintiff's motion for the appointment of counsel at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent *pro se* litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present her claims. *Id.*

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon the complaint, it appears this case is factually and legally straightforward, and there is no indication that plaintiff will be unable to investigate the facts. Also, the motion is premature, as the defendants have yet to be served with process and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendant Epworth Children & Family Services, Inc. by serving its registered agent Joshua E. Richardson at 2730 North Ballas, Suite 200, St. Louis, Missouri 63131.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendant Little Village Child Development Center at 9843 St. Charles Rock Road, Breckenridge Hills, Missouri 63074.

Dated this 12th day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE