UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISSTAL N. ARTICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-01759-MTS |
| | ) | |
| EPWORTH CHILDREN AND | ) | |
| FAMILY SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Little Village Child Development Center's Motion for Summary Judgment.  Doc. [25].  For the reasons stated herein, the Court will grant the Motion and dismiss the claim against Little Village Child Development Center ("Little Village") with prejudice.

**I.      Background and Facts**

Plaintiff, Krisstal N. Artice, has a persistent pattern of ignoring deadlines and Court orders in this case.  *See, e.g.*, Doc. [22].  In the latest iteration, the Court ordered her to file her opposition to Little Village's Motion for Summary Judgment.  Doc. [31].  Now over two months have passed since the Court's imposed deadline, and, in keeping with her persistent pattern, she filed nothing.  The Court now deems all the facts set forth by Little Village as true.  E.D. Mo. L.R. 4.01(E) (providing that "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party"); *see also Bailey v. Coffman*, No. 4:15-cv-00968-ERW, 2016 WL 5405628, at *1 (E.D. Mo. Sept. 28, 2016); *Garner v. Lisenbe*, No. 4:17-cv-2805-ACL, 2020 WL 5250501, at *2 (E.D. Mo. Sept. 3, 2020).  Since the Court accepts

Little Village's facts as true—because Plaintiff failed to dispute them—Little Village is entitled to summary judgment if, based on those facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also McClune v. Farmers Ins. Co., Inc.*, 12 F.4th 845, 849 (8th Cir. 2021) ("Summary judgment is appropriate where there is no genuine dispute of material fact and a reasonable fact finder could not find in favor of the nonmoving party as a matter of law.").

Little Village is a daycare located in St. Ann, Missouri. Mario Edwards owns the daycare as a sole proprietor. In 2018 and 2019, Mr. Edwards also owned Little Disciples Child Development Center ("Little Disciples"), another daycare located in St. Ann. In 2018 and 2019, Little Village and Little Disciples, even when combined, employed fewer than fifteen employees for each working day in each of twenty or more calendar weeks of the year. Starting in or around August 2019, Plaintiff was one of those employees. Little Village hired Plaintiff to work full-time at its daycare. Little Village provided Plaintiff its personnel policies and employee handbook, which Plaintiff signed. The handbook contained no guarantee of employment for any period of time but did note that Little Village "expected" the "duration of employment" to be twelve months. The handbook also expressly noted that Little Village reserved the right, in its sole discretion, to modify, revoke, suspend, terminate, or change any or all policies, in part or in whole at any time, with or without notice.

On November 22, 2019, Little Village laid-off Plaintiff from her position. Over nine months later, on September 11, 2020, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights. In December 2020, Plaintiff brought suit in this Court alleging a claim for "retaliation termination" and breach of contract. Doc. [1]. Little Village has moved for summary judgment on both claims.

II.     **Discussion**

a.  Retaliation

Construing the *pro se* Complaint liberally, as it must, the Court concludes Plaintiff's claim for "retaliation termination" is a claim under both the Missouri Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of 1964.  Nevertheless, the Court concludes that both the claim under MHRA and Title VII fail.  As for the MHRA, the claim fails because Plaintiff did not file a written verified complaint with the Missouri Commission on Human Rights "within one hundred eighty days of the alleged discrimination," which the MHRA requires.  Mo. Rev. Stat. § 213.075; *see also Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009).  Instead, Plaintiff waited nearly three hundred days between her alleged discrimination and the filing of the complaint with the Commission.  Her MHRA claim therefore fails as a matter of law.

Plaintiff's Title VII claim fares no better.  Title VII defines the term "employer" in part as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  42 U.S.C. § 2000e(b).  It is undisputed that Little Village and Little Disciples had fewer that fifteen employees in the year of and preceding the alleged discrimination, even when combining the numbers of their employees.  Since Little Village did not meet the definition of "employer" under the statute, Little Village was not subject to Title VII.  *See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997); *see also, e.g., Howard v. Hunter First Presbyterian Church*, No. 1:08-cv-139-LMB, 2009 WL 961866, at *3 (E.D. Mo. Apr. 7, 2009), *aff'd*, 372 F. App'x 685 (8th Cir. 2010); *Bramlett v. City of W. Helena Hous. Auth.*, No. 2:06-cv-

0003-JMM, 2008 WL 205580, at *5 (E.D. Ark. Jan. 23, 2008).  Plaintiff's Title VII claim therefore also fails as a matter of law.

Even if these requirements regarding the number of days or the number of employees were mere technicalities that the Court could overlook, there would be no point in overlooking them simply to reach the merits of this case.  Plaintiff has failed to provide even the slightest piece of evidence to support her claims of retaliation despite the Court giving her an inordinate amount of time to do so.

      b.  <u>Breach of Contract</u>

In Plaintiff's second claim, she alleges that Little Village breached a contract with her when it terminated her employment.  Her claim fails, though, because she was an at-will employee.  "The at-will employment doctrine is well-established Missouri law." *Margiotta v. Christian Hosp. Ne. Nw.*, 315 S.W.3d 342, 345 (Mo. banc 2010).  Under the doctrine, an employee is an employee "at will" unless there is "an employment contract with a definite statement of duration." *Id.* (internal quotations omitted).  And an employer "may terminate an at-will employee for any reason or for no reason." *Id.*  With no response from Plaintiff on the Motion for Summary Judgment, the Court largely is left to speculate regarding Plaintiff's grounds for the existence of a contract for employment.  But it appears Plaintiff is arguing the employee handbook amounted to a contract. *See* Doc. [17].  Based on the undisputed facts, this contention fails.

Generally speaking, a plaintiff faces an uphill battle on a handbook theory of contractual employment.  Legion are the cases under Missouri law discussing how a handbook generally does not create an employment contract. *See, e.g.*, *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 661–62 (Mo. banc 1988) (declining to make a "'handbook exception' to the

- 4 -

employment at will doctrine in Missouri"); *Reed v. Curators of Univ. of Missouri*, 509 S.W.3d 816, 824 (Mo. Ct. App. 2016) (noting that "employee handbooks generally are not considered contracts because they normally lack the traditional prerequisites of a contract"); *Crews v. Monarch Fire Prot. Dist.*, 771 F.3d 1085, 1091 (8th Cir. 2014) (applying Missouri law and recognizing the "long established at-will and employment contract rules," including those regarding handbooks).

   The handbook at issue here plainly did not create an employment contract.  It did not contain a guarantee of employment for any period of time or any *definite* statement of duration. *See Margiotta*, 315 S.W.3d at 345 (noting employee is at-will unless there is an "employment contract with a definite statement of duration").  While it did note that Little Village "expected" the "duration of employment" to be twelve months, the use of the word *expected* demonstrated that it was not definite.  Doc. [27] ¶ 8; *see also* Doc. [27-2] at 3 (handbook at issue stating completion of forty-five day "introductory period does not guarantee employment for any period of time thereafter").  Further, the handbook expressly noted that Little Village reserved the right, in its sole discretion, to modify, revoke, suspend, terminate, or change any or all its policies, in part or in whole at any time, with or without notice.  The handbook here falls squarely within the rule under Missouri law that a handbook generally does not create an employment contract. "Given the general language of the handbook and [Little Village's] reservation of power to alter the handbook, a reasonable at will employee could not interpret its distribution as an offer to modify his at will status." *Johnson*, 745 S.W.2d at 662.  Therefore, Plaintiff's breach of contract claim fails.

**<u>Conclusion</u>**

For the reasons stated herein, Plaintiff's claims against Defendant Little Village fail as a matter of law, and the Court will dismiss them with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Little Village Child Development Center's Motion for Summary Judgment, Doc. [25], is **GRANTED**.

An appropriate judgment will accompany this Memorandum and Order.

Dated this 10th day of November, 2021.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE